Exhibit A to Notice of Removal

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
FIFTEENTH JUDICIAL DISTRICT AT LIVINGSTON, OVERTON COUNTY

RANDY KEITH JARMAN,

    Plaintiff,

v.

OVERTON COUNTY, TENNESSEE,
And UNKNOWN DEFENDANT(s)

    Defendants.

FILED
Time 8:49 AM
Date 6-16-23
Lori Hammock
Circuit Court Clerk

Docket No.
JURY DEMANDED
2023-CV-28
Judge Ridley

## COMPLAINT

COMES NOW Plaintiff, Randy Keith Jarman, and files this action against Overton County, Tennessee; Town of Livingston, Tennessee, and Unknown Defendant(s) and, in support, states as follows:

### I. PARTIES

1. Plaintiff is and was at all times relevant to this action a resident of Clay County, Tennessee, but was an inmate in Overton County Jail, in Livingston, Tennessee, and is a citizen of the United States of America.

2. Defendant Overton County, Tennessee, is a Legal County in the State of Tennessee which operates the Overton County Sheriff's Department and the Overton County Jail. Overton County, Tennessee, may be served with process by serving its county attorney, Lillie Ann Sells, who has been authorized to accept service for the county, its mayor, and its sheriff. Ms. Sells can be served at 317 E. University Avenue, Suite 1, Livingston, TN 38570.

1

## II. JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to inter alia, T.C.A. §16-10-101, Tennessee's Governmental Tort Liability Act, and other applicable laws. This Court also has concurrent jurisdiction for any action arising out of 42 U.S.C. §1983.

4.     Venue is proper in this Court pursuant to inter alia, T.C.A. §20-4-101 because all or part of this cause of action arose within Overton County, Tennessee.

## III. FACTS

5.     On or about June 27, 2022, Plaintiff was incarcerated at the Overton County Jail.

6.     On or about June 27, 2022, while Plaintiff was performing his work duties, he was called back to Pod area to clean up flooding in the Pod that had been caused by a storm on June 26, 2022 and from inmates on the second floor of the pod purposefully flooding the floors.

7.     As Plaintiff walked to the flooded area, he slipped on the wet floor and fell, injuring his right hip.

8.     Defendants knew or should have known that the flooding caused by the storm, mixed with the flooding caused by other inmates, posed a risk to the Plaintiff of slipping and falling as the conditions were defective and dangerous.

9.     In accordance with T.C.A. §29-20-205 (4) and (7):

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
> (4) A failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property; and
> (7) Or result from riots, unlawful assemblies, public demonstrations, mob violence and civil disturbances.

10. Plaintiff asserts that with proper inspection of the Overton County Jail, there would not have been an issue with flooding due to heavy rain/storms and his cell or pod area would not have flooded due to being defective.

11. Plaintiff would further assert that due to other inmates flooding the upper level of the pod area in a public demonstration, there would not have been any reason for him to be in said dangerous and unsafe conditions.

12. As a result of the above dangerous and defective conditions, the Plaintiff was caused to slip and fall which caused bodily injury to the Plaintiff.

13. At all times relevant to this Complaint, Plaintiff had no history of hip issues.

14. At all times relevant to this Complaint, Plaintiff informed staff/officers about his injuries, severe pain, and inability to walk and/or stand, and instead made Plaintiff wait for a number of hours before transporting him to the hospital.

15. Despite attempts to let the staff/officers know of his severe pain, Plaintiff was not taken to the hospital until June 28, 2022. And instead of calling for an ambulance, Plaintiff was transported to the hospital in a patrol car.

16. As a direct and proximate result of the actions and omissions of Defendants, Mr. Jarman suffered severe and permanent injuries.

17. The injuries sustained by Mr. Jarman were a foreseeable consequence of the actions and/or inactions of Defendants.

18. Employees of Defendant Overton County were at all times acting in the course and scope of their employment as agents of Overton County and the Overton County Jail.

19. Employees of Defendant Overton County were at all times acting in the course and scope of their employment as agents of Overton County.

20. Defendants negligently failed to thoroughly evaluate Mr. Jarman after his injury.

21. Plaintiff submits that Defendant Overton County, its employees, agents and apparent agents had a duty to keep Mr. Jarman safe from unreasonable risks, therein failing to use reasonable care in the course and scope of their employment as agents of Overton County.

22. Plaintiff submits that Defendant Overton County, its employees, agents and apparent agents had a duty to ensure that Mr. Jarman was healthy enough to be placed in a jail cell/booking and did not require immediate medical attention. Defendants violated that duty.

## IV. NELIGENCE OF DEFENDANT OVERTON COUNTY

23. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein reference.

24. Defendant Overton County is being sued pursuant to the provisions of the Governmental Tort Liability Act, T.C.A. §29-20-101, et seq. thereby subjecting it to liability for the acts of its agents, employees, apparent agents, and officers.

25. Defendant Overton County is a governmental entity as defined in T.C.A. §29-20-103.

26. Defendant Overton County's immunity from suit has been removed by the Tennessee Governmental Tort Liability Act including, but not limited to, T.C.A. §29-20-205, which states, "Immunity from suit of all governmental entities is removed for injury proximately caused by the negligent act or omission of any employee within the scope of his employment..."

27. Defendant Overton County is being sued for negligence for the following acts which include, but not limited to, hiring, retaining, supervising, and failing to take necessary steps to prevent the injuries suffered by Mr. Jarman.

28. Defendant Overton County is liable under applicable state law for the actions and omissions committed by its employees who were acting within the scope of their employment at all times in connection with their actions.

29. As a direct and proximate result of its failure to properly hire, train, and supervise its employees and agents, Defendant Overton County should have reasonably foreseen that its employees would fail to provide reasonable care, failed to protect Mr. Jarman from an unreasonable risk, and further, failed to provide necessary medical attention while under their exclusive care and custody.

30. All of the Plaintiff's injuries were the foreseeable consequences of the negligence of each Defendant named herein.

31. Plaintiff submits that Defendant Overton County, Tennessee, and its agents acted with negligence and/or gross negligence.

32. Defendant Overton County should be held vicariously liable for all the actions of its agents.

33. Mr. Jarman suffered greatly as a direct result of the negligence alleged herein. Accordingly, Plaintiff is entitled to compensatory damages and punitive damages for the conduct alleged herein as provided for under all applicable law.

## VI. CIVIL RIGHTS VIOLATIONS BY DEFENDANT OVERTON COUNTY

34. The allegations previously set forth in this Compliant are incorporated herein by reference.

35. Under the Eighth Amendment to the United States Constitution, inmates have the right to humane conditions in prison and to not be exposed to unreasonable risk of serious harm.

36. Defendant Overton County committed the above-described actions and/or omissions under color of state law and substantially deprived Mr. Jarman of his rights, privileges, and immunities guaranteed to him as a citizen of the United States in the violation of 42 U.S.C § 1983 and deprived Mr. Jarman of rights guaranteed to him by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution including, but not limited to:

    a. Right to adequate medical care for a serious medical need or an overdose;

    b. Freedom from a deprivation of life and liberty without due process of law;

    c. Freedom from cruel and unusual punishment.

37. Defendant Overton County was deliberately indifferent to Plaintiff's safety, exposure to unnecessary risk of harm, and medical needs, which deprived him of his constitutional right to freedom from cruel and unusual punishment and adequate medical treatment.

38. Defendant Overton County, through its agents and policymakers, engaged in the actions described above while under the color of state law.

39. Defendant Overton County, through its agents and employees, knew of and disregarded a substantial risk of serious harm to Mr. Jarman's health and safety.

40. The policies and/or customs of Defendant Overton County were the moving force behind the constitutional violations.

41. The policies and/or customs of Defendant Overton County were implemented with deliberate indifference to the rights of arrestees or inmates, such as Mr. Jarman.

42. Plaintiff avers that he had the constitutional right to be free from cruel and unusual punishment, and that right was violated.

43. Defendant Overton County had an unconstitutional policy or practice of not seeking immediate medical attention for inmates/arrestees who have medical conditions.

44. Plaintiff alleges that Defendant Overton County failed to contract with an entity that was capable of adequately providing medical attention for the serious medical needs of its inmates.

45. Defendant Overton County, through its policies, procedures, and patterns of conduct violated the Plaintiff's civil rights with deliberate indifference. Moreover, Defendant Overton County, Tennessee, through its failure to adequately train its staff, allowed, condoned, and ratified this type of conduct at the Overton County Jail where the Plaintiff's civil rights were violated.

46. The policies and/or customs of this defendant by failing to provide appropriate medical care to inmates the moving force behind the constitutional violations alleged herein.

47. The policies and customs of this defendant were implemented with deliberate indifference to the rights of the Plaintiff.

48. Defendant Overton County had a consistent pattern and practice of being deliberately indifferent to the adequate medical health of arrestees and/or inmates such as the Plaintiff.

49. Defendant acted with deliberate indifference toward the Plaintiff, and their conduct also constitutes a civil rights violation in this cause.

50. As a direct and proximate result of all constitutional violations committed by Defendant Overton County, the Plaintiff experienced pain and suffering. The Plaintiff's injuries were the foreseeable consequences of Defendant's constitutional violations. Defendant violated the above-described constitutional rights which were which clearly established at all times

relevant to this action. Defendant knew and disregarded a substantial risk of harm to Mr. Jarman's health and safety.

51. Wherefore, Plaintiff demands a judgment against the above-named defendant for compensatory and punitive damages together with costs, including reasonable attorneys' fees, pre-and post-judgment interest, and such further and other necessary and proper relief that the Court deems appropriate, and demands a trial by jury.

## VIII. PUNITIVE DAMAGES

52. The allegations set forth in the previous paragraphs to this Complaint are incorporated herein by reference.

53. Plaintiff alleges that Defendants' conduct was intentional, willful, reckless, and/or malicious entitling Plaintiff to a substantial award of punitive damages from each Defendant.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

    a. That Defendants be served with a copy of the Complaint filed in this matter;

    b. That Plaintiff be awarded compensatory damages in the amount of $500,000.00;

    c. That the Plaintiff be awarded such other relief, both general and special, including attorney's fees and costs, to which she may be entitled. In the event Plaintiff is successful on her alternative civil rights claim, she seeks fees and costs pursuant to 42 U.S.C. §1988; and

    d. Plaintiff hereby demands a jury for those causes of action where the law permits a trial by jury.

Respectfully Submitted,

*/s/ Rhonda R. (Crabtree) Meyers*
Rhonda R. (Crabtree) Meyers, #022058
*Attorney for Plaintiff*
150 South Main Street
Ashland City, TN 37015
(P) 615-792-2885
rhondacrabtreelaw@gmail.com